I would not go so far as to say that a "change of heart" is necessarily an insufficient basis for a presentence motion to withdraw a plea of guilty or no contest. Crim.R. 32.1 confers very broad discretion on the trial courts, a discretion that can be exercised in favor of a change of heart. The real issue is as to what a particular change of heart involves.
Here, though the motion was made before sentence was imposed, the court applied the more stringent "manifest injustice" standard because the Defendant had learned of the sentence the court intended to impose and was unhappy with it. That was proper. However, telling the defendant what that sentence likely will be is an irregular practice, one that has caused problems of this kind in other cases.
The different standard that Crim.R. 32.1 imposes for motions made after sentence is imposed necessarily presumes that defendants are unaware of their sentences before the sentence is pronounced by the court. It appears that a different practice is followed in the General Division of the Montgomery County Court of Common Pleas. Counsel are regularly told what sentence the court intends to impose before it is imposed. This has two drawbacks.
First, it can, and in other cases has, resulted in presentence motions to withdraw that, as here, must be determined on the post-sentence standard that Crim.R. 32.1 imposes. For consistency's sake, the rule should be applied as written whenever possible.
Second, and more ominously, the practice has the potential of undermining the plea that is entered by misleading defendants about their prospects. If told by their counsel that they will learn of a probable sentence before it's imposed, when the underlying plea may easily be withdrawn, defendants will enter a plea in that expectation. That would impair with the "intelligent" character of the plea that's entered because, as this case shows, it's not likely to happen.
Plea bargaining is an essential component of the criminal justice systems. However, every effort must be made to avoid any misunderstanding of it or its outcome on the part of the defendants. The practice of informing counsel, and through counsel the defendant, of a probable sentence before it is imposed is not consistent with the scrupulous regard for the defendant's clear understanding that the system requires. It should be avoided.